# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Cr. Action Nos.   85005694DI and |
| | ) | 30306270DI |
| MICHAEL AMES, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 2, 2016
Decided: November 1, 2016

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO AMEND SHOULD BE GRANTED, DEFENDANT'S AMENDED MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED AND COUNSEL'S MOTION TO WITHDRAW SHOULD BE GRANTED

Katherine C. Butler, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Christopher S. Koyste, Esquire, Law Offices of Christopher S. Koyste, LLC, 709 Brandywine Blvd, Wilmington Delaware 19809, appointed counsel for Defendant.

Michael Ames, James T. Vaughn Correctional Center, Smyrna, Delaware.

**MAYER,** Commissioner

This 20th day of October, 2016, upon consideration of Defendant's Motion to Amend, Defendant's (Amended) Motion for Postconviction Relief, and counsel's Motion to Withdraw as Counsel Pursuant to Rule 61(e)(6), it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. Defendant, Michael Ames, was convicted of Burglary Second Degree on October 8, 1980,[1] again convicted of Burglary Second Degree on December 20, 1982,[2] and then later entered a guilty plea to Burglary Third Degree on January 29, 1986.[3]

3. On September 13, 1993, Defendant was once again indicted on several charges[4] and he eventually pled guilty to Burglary Second Degree on October 7, 1993. At that time, the Plea Agreement noted that the State would recommend habitual offender mandatory sentencing and that Defendant reserved the right to argue that the provisions were inapplicable.

4. On March 23, 1994, the Court held a Habitual Offender and Sentencing Hearing in the 1993 Case at which time Defendant was declared a habitual offender pursuant to 11 *Del. C.* §4214(b), having been convicted of Burglary

---

[1] Cr. A. No. IN80-09-0239.

[2] Cr. A. No. IN82-09-0323.

[3] Cr. A. No. IN85-09-0199/Case ID: 85005694DI (hereinafter the "1985 Case").

[4] Cr. A. No. IN93-08-1707/Case ID: 30306270DI (hereinafter the "1993 Case").

2

Second Degree in 1980, 1982 and 1993. He was then sentenced on the 1993 charge to life at Level 5 without the benefit of probation or parole.[5]

5.    On December 17, 2013, Defendant, appearing *pro se*, filed a Motion for Postconviction Relief.[6] Defendant asserts the following grounds for relief: (i) the trial court erred and counsel was ineffective because Defendant was not given a proper habitual offender hearing nor was he properly informed of the severity of the sanctions under 11 *Del. C.* §4214(a); and (ii) the trial court abused its discretion and counsel was ineffective when the State failed to provide Defendant with some form of behavioral modification treatment before giving him a life sentence.

6.    On July 21, 2015, Defendant filed a Motion to Amend to add a third argument that his rights were violated because he was declared a habitual offender for a felony that was not qualified as violent and the criminal law at issue is so vague that it failed to give him notice of the conduct to be punished.

7.    Defendant also filed a Motion for Appointment of Counsel and Christopher S. Koyste, Esquire was appointed.[7]

---

[5] March 23, 1994 Transcript (hereinafter "HO-S Tr. at ___").

[6] 1993 Case DI # 14. Unless otherwise noted, all references to Superior Court Criminal Rule 61 herein shall be pursuant to the rule that was in effect at the time the motion was filed.

[7] At the time that Defendant's motion for postconviction relief was filed, Superior Court Criminal Rule 61(e)(1) provided that "[t]he court will appoint counsel for an indigent movant's first postconviction proceeding."

8.      On February 1, 2016, Mr. Koyste filed a Motion and Memorandum in Support of Motion to Withdraw as Counsel Pursuant to Rule 61(e)(6).[8] Mr. Koyste asserts that after having reviewed all available materials for this matter, he has concluded that there are no meritorious grounds that may be raised. Defendant filed a response to the motion to withdraw.[9]

9.      The record was enlarged and Defendant's trial counsel submitted an Affidavit responding to Defendant's ineffective assistance of counsel claims.[10] Thereafter, the State filed a response to the motion for postconviction relief which included a response to Defendant's proposed "amended" arguments.[11]

## ANALYSIS OF DEFENDANT'S RULE 61 MOTION

10.     Superior Court Criminal Rule 61(b)(6) provided that "[a] motion may be amended as a matter of course at any time before a response is filed or thereafter by leave of court, which shall be freely given when justice so requires." Defendant's Motion to Amend should be granted "as a matter of course" because it was filed prior to the State having filed a response.

---

[8] 1985 Case, DI #37, 38; 1993 Case, DI # 22, 23.

[9] 1985 Case, DI # 39.

[10] 1993 Case, DI # 25.

[11] 1993 Case, DI # 26. Defendant was afforded an opportunity to file a reply brief (*See* 1993 Case DI # 24) but neglected to do so.

4

11.    With respect to the (amended) motion for postconviction relief, pursuant to former Superior Court Criminal Rule 61(d)(4) the motion may be summarily dismissed because it plainly appears from the record in the case that the motion is procedurally barred as untimely and movant is not entitled to relief. As such, the Court should not consider the merits of the claims.[12]

12.    Superior Court Criminal Rule 61(i)(1) imposes the condition that a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.[13]    Defendant has not asserted an entitlement to relief based on a newly recognized right. Defendant's 1993 conviction became final on April 24, 1994,[14] however his motion was not filed until more than nineteen (19) years later, which is significantly past one (1) year after the judgment became final.

---

[12] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990); *Paul v. State*, 2011 WL 3585623 (Del., Aug. 15, 2011), at *1 ("Delaware law provides that the Superior Court must first consider whether the defendant has satisfied the procedural requirements of Rule 61 before considering the merits of his postconviction motion.")

[13] Super. Ct. Crim. R. 61(i)(1).

[14] Pursuant to Superior Court Criminal Rule 61(m)(1), a judgment of conviction is final for the purpose of this rule within 30 days after the Superior Court imposes sentence if the defendant has not filed a direct appeal. The Defendant herein did not file a direct appeal.

5

Therefore, the motion was filed outside the applicable time limit and Defendant's claims, at this late date, are time-barred.

13. At the time of the filing of the motion though, there was an exception to the procedural bars. The bars to relief did not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[15] Defendant does not assert that the Court lacked jurisdiction and therefore that exception does not apply.

14. Defendant has also failed to meet the remaining exception to the procedural bar. Defendant first argues that he was entitled to some form of behavioral modification treatment before having been sentenced as a habitual offender. A defendant is only entitled to "some chance for rehabilitation" which means some period of time having elapsed between sentencing on an earlier conviction and the commission of the offense leading to the later felony conviction.[16] In this case, there was a period of time between the 1980, 1982 and 1993 convictions and thus Defendant was in fact afforded a chance for rehabilitation.

---

[15] Super. Ct. Crim. R. 61(i)(5).

[16] *Eaddy v. State*, 1996 WL 313499, at *2 (Del. May 30, 1996); *See also, Mayo v. State*, 2016 WL 2585885, at *1 (Del. Apr. 21, 2016) (denying relief because defendant had some chance for rehabilitation between convictions in 2000, 2004 and 2009).

15. Defendant's next argument refers to 11 *Del. C.* §4214(a), however, it is clear from the transcript that at the time of sentencing, the Court applied 11 *Del. C.* §4214(b).[17] At the time of sentencing, this statute provided that "Any person who has been two times convicted of a felony…and who shall thereafter be convicted of a subsequent felony…is declared to be a habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted…" 11 *Del. C.* §4214(b).

16. At the hearing to determine habitual offender status, Defendant was informed of the purpose of the hearing, provided with copies of the court's records, and the certified copies, indicating two previous convictions for Burglary Second Degree in addition to the conviction in the 1993 Case.[18] Defendant admitted to having been incarcerated for two other offenses but could not remember the details of the previous charges. At that time, Defendant also argued – as he does here – that he should have been afforded an opportunity for rehabilitative programs and that a life sentence was too strict considering he had no violent history.[19]

17. Defendant has failed to offer any reasonable basis to contest the Habitual Offender determination. The certified court records supported a history of multiple

---

[17] HO-S Tr. at p. 7.

[18] HO-S Tr. at p.4-6.

[19] HO-S Tr. at p. 7.

convictions of Burglary Second Degree. Under 11 *Del. C.* §4214(b), at that time, the Court had no discretion or ability to impose a sentence of less than life in prison. Therefore, the Court did not abuse its discretion and trial counsel was not ineffective when Defendant was sentenced.

18. Defendant's latest argument is that 11 *Del. C.* §4214(b) is void for vagueness. A statute is void for vagueness if it does not provide sufficient definitiveness such that an ordinary person can understand what conduct is prohibited or if it lends itself to arbitrary or discriminatory application.[20] Defendant has not provided any argument to support a finding that the statute was arbitrary or discriminatory in application.[21] Defendant was advised by trial counsel as to the effect of the plea of guilty and the implications of 11 *Del. C.* §4214(b).[22] In addition, the Court explained the statute's possible application to Defendant's plea.[23] Defendant cannot reasonably say that the statute was vague or that he lacked an understanding. Further, the Delaware Supreme Court has held that the constitutionality of the Delaware habitual offender statute was well-settled and the

---

[20] *Kolender v. Lawson,* 461 U.S. 352, 357 (1983).

[21] *See Anderson v. State,* 2015 WL 9283845, at *2 (Del., Dec. 18, 2015) (defendant convicted of Burglary in the Third Degree failed to cite relevant authority to support contention that statute was unconstitutionally vague and relief was denied).

[22] February 1, 1994 Guilty Plea Transcript at p. 2 (hereinafter "Plea Tr. at ____"). The State also notified the Court, with Defendant present, of its position that the Defendant was a habitual offender under the mandatory section due to two prior burglary convictions. *Id.* at p. 4.

[23] Plea Tr. at p. 3.

United States Supreme Court has upheld the principle that formed a basis for the legislation.[24] The Delaware Supreme Court has likewise dismissed arguments that the statute is "unconstitutionally vague" and differentiated the United States Supreme Court decision in *Johnson v. United States* that Defendant relies on here.[25]

19. Furthermore, Defendant does not contest the Burglary Second Degree conviction, rather he is attacking the habitual offender finding and the sentence to life in prison.[26] In consideration of the above, Defendant has failed to demonstrate a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.

20. Defendant's claims of ineffective assistance of counsel should also be denied. In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused

---

[24] *Johnson v. State*, 2008 WL 5191835, at *1 (Del., Dec. 11, 2008) *citing Williams v. State*, 539 A.2d 164, 180 (Del. 1988); *Ewing v. California*, 538 U.S. 11, 30 (2003).

[25] *Mayo v. State*, 2016 WL 2585885, at *1, *citing Johnson v. United States*, 135 S. Ct. 2551 (2015).

[26] To the extent Defendant is attacking his sentence, Defendant was required to comply with Superior Court Criminal Rule 35.

the defendant actual prejudice.[27] When a defendant has plead guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and would have insisted on going to trial.[28] Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[29]

21.    Defendant contends that counsel did not advise him of the severity of the punishment if he plead guilty.    However, Defendant's argument is directly contradicted by the transcript from the plea hearing.  During the hearing, counsel stated: "He also is concerned about the sentencing because he has been told by me through the State that he's eligible for mandatory life as [a] habitual offender."[30] Likewise, the Plea Agreement, signed by Defendant, indicated he was eligible for habitual offender status.    At the hearing, the Court advised Defendant of his "...potential status as habitual offender" and then allowed a ten minute break for Defendant to consider his decision.[31] Defendant was advised of his constitutional

---

[27] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[28] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[29] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[30] Plea Tr. at p. 2.  The State also notified the Court, with Defendant present, of its position that the Defendant was a habitual offender under the mandatory section due to two prior burglary convictions. *Id.* at p. 4.

[31] Plea Tr. at p. 3.

10

rights.[32] The Court questioned Defendant as to his understanding of the possible sentence and asked "Do you understand that if you are determined by the Judge to be a habitual offender that you have the possibility of being sentenced to up to life Imprisonment?"[33] Defendant responded "yes."[34] Defendant's argument is therefore without merit.

22. Defendant also argues generally that counsel was ineffective and if he had not pled guilty the outcome would be different. Defendant does not dispute that he committed the acts giving rise to the plea of guilty to Burglary Second Degree in the 1993 Case.[35] At the Plea Hearing, counsel noted that Defendant did not want to "waste" the Court's time and acknowledged he was found inside the house, without permission, and had a VCR with him at the time.[36] Despite this, Defendant was advised by the Court that he had the right to proceed to trial and the jury was prepared to go forward.[37] By pleading guilty, Defendant waived the right

---

[32] Plea Tr. at p. 5, 8-9.

[33] *Id.* at p. 10.

[34] *Id.*

[35] *Windsor v. State*, 2015 WL 5679751 , at *3 (Del., Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements).

[36] Plea Tr. at p. 2.

[37] *Id.* at p. 3.

to challenge the State's evidence.[38] Defendant acknowledged that he fully understood the charges against him and that he understood the consequences of pleading guilty.[39] A review of the Guilty Plea Agreement, Guilty Plea Transcript, Truth-in-Sentencing form, and Habitual Offender-Sentencing Transcript, show no anomalies. The Court engaged in a detailed colloquy with Defendant that covered all necessary aspects of the waiver of Defendant's rights and the Court confirmed that the guilty plea was made knowingly and voluntarily. In consideration of the facts and circumstances herein, Defendant has failed to offer any basis for reconsideration of the plea or that the outcome of the proceedings would have been different if he had not pled guilty to the charge. Defendant has failed to rebut the presumption of reasonable professional conduct under the circumstances.[40]

**MOTION TO WITHDRAW AS COUNSEL**

23.     Mr. Koyste moves to withdraw as counsel to Defendant pursuant to current Superior Court Criminal Rule 61(e)(6)[41] which provides that "[i]f counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically

---

[38] *State v. Matthews*, 2016 WL 354875 (Del. Super., Jan. 27, 2016) (denying motion for postconviction relief when defendant pled guilty and later attacked lack of chemical test report).

[39] Plea Tr. at p. 8-10.

[40] *See also, Brown v. State*, 108 A.3d 1201 (Del. 2015) (affirming denial of request for new trial on the basis that defendant pled guilty and waived certain constitutional rights).

[41] Superior Court Criminal Rule 61(e)(2) applied to motions to withdraw at the time of the filing of the motion for postconviction relief. The rule is almost identical to the current rule and does not affect the decision herein.

advocate it, and counsel is not aware of any other substantial grounds for relief available to the movant, counsel may move to withdraw." Mr. Koyste submitted a memorandum and numerous exhibits in support of the relief requested. The motion outlines counsel's efforts to access Defendant's records, and his review of the dockets, Defendant's Motion for Postconviction Relief, the transcripts from the hearings, the guilty plea agreement, and the habitual offender motion.

24.     Having reviewed the record, and any applicable law, counsel concluded that Defendant's claims lacked merit and could not be ethically advocated. Mr. Koyste also appears to have thoroughly considered any possible claims and was not able to present any additional claims on Defendant's behalf. In his response, Defendant argues there was no colloquy regarding the crimes that were considered at his sentencing hearing. This argument is meritless as the transcript clearly demonstrates that the previous Burglary charges were sufficiently discussed.[42] Mr. Koyste's motion meets the standard and should be granted.

---

[42] HO-S Tr. at p. 2-6.

For all the foregoing reasons, Defendant's Motion to Amend should be GRANTED, Defendant's (Amended) Motion for Postconviction Relief should be DENIED, and, the Motion to Withdraw as Counsel should be GRANTED.[43]

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:   Prothonotary
cc:   Christopher S. Koyste, Esquire
       Katherine C. Butler, Esquire
       Michael D. Ames

---

[43] To the extent Defendant believes he has a right to reconsideration of his sentencing as a result of modifications to 11 *Del. C.* §4214 and the sentencing of habitual offenders, Defendant should contact the Office of Defense Services (formerly the Office of the Public Defender).